[File No. 6224.]

CHAS. A. TIBBS, Appellant, v. Wᴍ. G. HANCOCK and H. E.
Mielke, and H. E. MIELKE, Respondent.

(255 N. W. 572.)

Opinion filed June 9, 1934.

*Henry E. Johnson,* for appellant.

*H. E. Mielke,* for respondent.

BURKE, J. This is an appeal from an order sustaining a demurrer to the complaint.

The complaint alleges, in substance, that in September 1929, the plaintiff purchased from the defendant, Hancock, land in Ward county at the agreed price of $200.00 and thereafter Hancock employed the defendant, Mielke, and attorney to bring suit in the county court of Ward county against the plaintiff on said contract for the purchase price of said land and on December 13, 1930, judgment was entered in the county court against the plaintiff for $200.00 and costs, and judgment against the J. I. Case Company, in a garnishee proceeding, for the sum of $136.00, which latter sum was deposited with the clerk of the county court by the said J. I. Case Company; that the judgment against the garnishee was transcribed and entered in the district court of Ward county on March 23, 1933. That in August, 1931, Hancock employed O. B. Herigstad, an attorney, to bring an action against the plaintiff for the cancellation of the contract for the sale of land and after the service of the summons and complaint upon the plaintiff, who was the defendant in that action, the said action was settled and the plaintiff executed his quitclaim deed to the said premises to W. G. Hancock as a full and complete settlement for the cancellation of said contract held by the said Chas. A. Tibbs and also for a full and complete satisfaction of the judgment entered in the county court against his plaintiff. That said quitclaim deed was accepted by the said W. G. Hancock, through his attorney, but the said Hancock has failed to satisfy the said judgment against this plaintiff and has now threatened to collect the said judgment and has refused to satisfy the same; that the defendant, H. E. Mielke, now claims that he holds an assignment of said judgment and claims to hold an attorney's lien thereon in the sum of $136.00 and that the said H. E. Mielke filed the said purported attorney's lien in the county court of Ward county on or about January 1, 1933 and also at the same time filed his purported assignment of said judgment; that in the action wherein the defendant, W. G. Hancock, secured a judgment against Chas. A. Tibbs the defendant, H. E. Mielke, did, on the 7th day of April, 1933, apply to the county court of Ward county for an order to show cause why the said sum of $136.00, deposited by the garnishee therein, should not be turned over to him and the said order to show cause is now pending. The defend-

ant, W. G. Hancock, is not a resident of the state of North Dakota and as this plaintiff is informed lives and resides near Winnipeg, Manitoba, Canada. The plaintiff, Chas. A. Tibbs, applies for an injunction to restrain the defendant from obtaining the money now on deposit with the county court of Ward county and deposited with the said court by the garnishee. The plaintiff asked for an injunction restraining the collection of said judgment and the money deposited by the garnishee and further for judgment for the cancellation of the judgment against the said plaintiff in the county court and against the defendant, Hancock, for $600.00.

The defendant, Hancock, appears specially by his attorney and objects to the jurisdiction of the court on the ground and for the reason that service of the summons and complaint upon him in Canada is not legal service. The defendant, Mielke, demurs to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action and the appeal is from the order sustaining the demurrer.

The only question involved in the case on appeal is, does the complaint state a cause of action as against the defendant Mielke? There is nothing in the complaint that shows that he had anything to do with the transaction upon which plaintiff's cause of action against the defendant, Hancock, arose. Plaintiff's cause of action against Hancock is based on the settlement between Tibbs and Hancock of an action which Hancock brought against Tibbs and it is alleged was settled by Tibbs executing and delivering to Hancock a deed to the land and in consideration therefor Hancock agreed to accept said deed in full satisfaction of all claims against Tibbs which included the judgment in the county court and which he, Hancock, agreed to satisfy. The defendant, Hancock, accepted the deed but did not satisfy the judgment in the county court and the complaint states a good cause of action as against the defendant, Hancock, upon whom the summons has not been legally served, but there is no allegation in the complaint showing any privity of contract between the plaintiff and the defendant Mielke. There is nothing to show that he had anything to do with, or that he was a party to, the settlement between the plaintiff and the defendant, Hancock. The only claim against Mielke is the allegation in the complaint that the defendant Mielke now claims that he holds

an assignment of the said judgment and claims to hold an attorney's lien thereon in the sum of $136.00. This allegation certainly is not sufficient to show any cause of action against the defendant Mielke in favor of the plaintiff and the order sustaining the demurrer must be affirmed.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.